FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 9:24 am, Jul 24, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| GREGORY ALAN LEVIN, <br><br> Petitioner, <br><br> v. <br><br> STEVE UPTON; and CHRIS CARR, <br><br> Respondents. | CIVIL ACTION NO.: 5:20-cv-52 |

**O R D E R**

Presently before the Court is Respondents' Motion to Transfer.  Doc. 19.  In their Motion, Respondents state Petitioner Gregory Levin ("Levin") is attacking criminal proceedings occurring in Douglas County, Georgia, which is in the Northern District of Georgia, and he already has a 28 U.S.C. § 2254 pending in that District and is represented by counsel.  Id. at 1–3. For these reasons, Respondents ask this Court to transfer this case to the Northern District of Georgia.  Id. at 3.

Levin, who is currently housed at the Coffee Correctional Facility in Nicholls, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241.  Doc. 1.  In his Petition, Levin attacks events occurring in Douglas County, Georgia.  Id.  All applications for writs of habeas corpus filed by persons in state custody are governed by § 2241.  Medberry v. Crosby, 351 F.2d 1049, 1062 (11th Cir. 2003).  For a person who is "in custody under the judgment and sentence of a [s]tate court", § 2241(d) specifies the "respective jurisdictions" where a state proceeding challenge may be heard.  Under § 2241(d), a person in custody under the judgment of a state court may file his petition in the federal district (1) "within which the [s]tate court was held which convicted and sentenced him"; or (2) "wherein [he] is in custody."  § 2241(d);

see also Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001).  Therefore, the Court may, "in the exercise of its discretion and in furtherance of justice," transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner.  § 2241(d).

In enacting § 2241(d), "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy."  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497 (1973); see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").  To that end, the federal courts of this State maintain a "longstanding practice" of transferring habeas petitions "to the district of conviction."  Isaac v. Brown, No. CV 4:10-071, 2010 WL 2636045, at *1 (S.D. Ga. May 24, 2010), *report and recommendation adopted*, 2010 WL 2636059 (S.D. Ga. June 29, 2010) (citing Eagle, 279 F.3d at 933 n.9); see also Order, Hewitt v. Allen, No. 3:14-cv-27 (M.D. Ga. Mar. 26, 2014), ECF No. 4 ("Adherence to this policy results in each district court considering habeas actions arising within the district and in an equitable distribution of habeas cases among the districts of this state.").[1]

The place of the events Levin complains about, Douglas County, is located in the Atlanta Division of the Northern District of Georgia.  28 U.S.C. § 90(a)(2).  The Court **GRANTS** Respondents' Motion.  Consequently, the Court **ORDERS** that this action be **TRANSFERRED** to the United States District Court for the Northern District of Georgia, Atlanta Division.  The

---

[1]  Levin was not incorrect to file his § 2241 Petition in this District, as he is housed here.  § 2241(d).  This Court's general practice is to entertain § 2241 petitions filed here.  However, in this case, it appears the Northern District of Georgia court would be in a better position to review Levin's Petition, as he challenges events surrounding his Douglas County proceedings, he already has a § 2254 petition filed there, and he is represented by counsel in his § 2254 action.  Docs. 1, 19.

Court **DIRECTS** the Clerk of Court to transfer this case to the United States District Court for the Northern District of Georgia, Atlanta Division.

**SO ORDERED**, this 24th day of July, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA